UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STEVEN T. SCHNEIDERMAN,

NOT FOR PUBLICATION

                Plaintiff,

MEMORANDUM
AND ORDER
13 CV 5939 (ARR)

-against-

North Shore University Hospital, Nassau
County Police Department, New York
City Police Department, Other Defendants
(un-named),

                Defendants.
----------------------------------------------------------------X
ROSS, United States District Judge:

On October 25, 2013, plaintiff Steven T. Schneiderman, appearing *pro se*, filed this action alleging that he was falsely imprisoned by the defendants. He seeks prospective injunctive relief. The court grants plaintiff's request to proceed *in forma pauperis* ("IFP") solely for the purpose of this order.[1] For the reasons set forth below, the complaint is dismissed with leave to file an amended complaint within 30 days from the entry of this order.

## BACKGROUND

Plaintiff's three-page complaint alleges that he was detained at North Shore University Hospital from May 31, 2013, through July 9, 2013, without his consent and without obtaining medical treatment for his heart condition. Plaintiff does not state any facts against the Nassau County Police Department ("NCPD") or the New York City Police Department ("NYPD"). Plaintiff seeks "a <u>court</u> order; that will not allow them to do this to me again!!!" Compl. 2.

---

[1] The IFP application indicates that plaintiff receives no income from any sources whatsoever. The court finds it difficult to believe that plaintiff does not have any source of income available to him, even if it is in the form of public assistance, social security benefits, or financial assistance from friends or relatives.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of claim showing that the pleader is entitled to relief,' and that each averment be 'concise, and direct.'" Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quoting Fed. R. Civ. P. 8(a)(2), 8(d)(1)). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they *suggest.*" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted)).

Nonetheless, the court is required to dismiss a complaint, filed *in forma pauperis*, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this court must grant leave to amend it. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

A. **Police Departments**

Although plaintiff makes no factual allegations against the Nassau County Police Department and the New York City Police Department, even if he had, the complaint must be dismissed against these defendants for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396 (2009). That provision "has been construed to mean that New York City departments and agencies [such as the NYPD], as distinct from the City itself, lack the capacity to be sued." Ximines v. George Wingate High Sch., 516 F.3d 156, 159-160 (2d Cir. 2008) (*per curiam*); Jenkins v. City of N. Y., 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity); Richardson v. N.Y.C. Police Dep't, No. 12-CV-5753 (ARR), 2013 WL 101403, at *2 (E.D.N.Y. Jan. 7, 2013) ("The NYPD and its divisions . . . may not be sued directly; instead, any suit against a City agency must be brought against the City of New York.").

Similarly, the NCPD is an administrative arm of the County of Nassau, and under New York law, agencies of a municipality are not suable entities. Miller v. Cnty. of Nassau, No. 10 CV–3358 (ADS)(AKT), 2013 WL 1172833, at *4 (E.D.N.Y. Mar. 19, 2013) (dismissing claims against the Nassau County Sheriff's Department because "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued"); Rose v. Cnty. of Nassau, 904 F.Supp.2d 244, 247 (E.D.N.Y.2012) ("The [NCPD] is an administrative arm of the County of Nassau. Under New York law, departments that are merely administrative arms of a municipality

do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."); Donaldson v. Nassau Cnty. Police Dep't 3rd Precinct, No. 10–CV–1690 (JS)(ARL), 2010 WL 2976520, at *2 (E.D.N.Y. July 22, 2010) (dismissing claims against the NCPD 3rd Precinct because it is not a suable entity). For this reason, the complaint is dismissed as to the NYPD and the NCPD pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  North Shore University Hospital

A claim for relief for civil rights violations under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" Hooda v. Brookhaven Nat'l Lab., 659 F.Supp.2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action."Flagg v. Yonkers Sav. & Loan Ass'n. FA, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). Plaintiffs bringing suit under § 1983 are therefore required to demonstrate that defendants acted under color of state law when they engaged in the challenged conduct. See Fabrikant v. French, 691 F.3d 193, 206-07 (2d Cir. 2012). Here, North Shore University Hospital is a private hospital facility. See North Shore-LIJ, About US, http://www.northshorelij.com/hospitals/about-us (last visited Dec. 10, 2013). Plaintiff has failed to make any allegations that defendant North Shore University Hospital acted under color of state law for purposes of § 1983.

Thus, even according to the most liberal reading of the complaint, the claims against

4

North Shore University Hospital must be dismissed because plaintiff has failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. However, in light of plaintiff's *pro se* status, the court directs plaintiff to file an amended complaint in order to support a claim that he was deprived of his civil rights. The amended complaint must contain a statement of claim against individual defendants personally involved in the alleged deprivation of his civil rights. See Fed. R. Civ. P. 8.

If plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 13-CV-5939 (ARR) and must be filed with the court within 30 days from the entry of this order. All further proceedings shall be stayed for 30 days or until plaintiff has complied with this order. If plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action shall be entered.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
December 1J, 2013

5

**SERVICE LIST**

**Steven Schneiderman**
163-18 24th Avenue
Whitestone, NY 11337